UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN FRANCIS MAHONEY, | ) |
| | ) CASE NO. C16-1599 RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER TO SHOW CAUSE |
| | ) |
| FEDERAL RESERVE ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

*Pro Se* Plaintiff, John Francis Mahoney, has been granted leave to proceed *in forma pauperis* in this matter.  Dkt. #3.  The Complaint was filed on October 12, 2016.  Dkt. #4. Summonses have not yet been issued.

Plaintiff brings this action against "ANY and ALL insurance, bonding and indemnification" for Federal Reserve Association and Humana Hospital West Anaheim, Saint Jude Medical Center, Massachusetts General Hospital, Bellwood General Hospital, several counties in California and Arizona, the states of California, Arizona, and Massachusetts, several federal agencies including the Department of the Treasury and the IRS, several corporations and banks, and a limited liability company.  *Id*. at 5 (emphasis in original). Plaintiff's Statement of Claim, in its entirety, is "[t]he defendants are in violation of the United States Code 15 U.S.C. 1 by monopolizing and restraining trade."  *Id.* at 2.  Plaintiff also

ORDER TO SHOW CAUSE - 1

attaches an affidavit setting forth his claims in greater detail.  Plaintiff alleges that Defendants "by operation of law via usage and mere acceptance of frn's"[1] are in violation of 15 U.S.C. § 1, the Sherman Act.  Dkt. # 5 at 2.  Plaintiff appears to have taken the language of the Sherman Act, allowing for a "fine not exceeding $100,000,000 if a corporation," and determined that he or is family is owed that money by the various Defendants.  *See id.* at 4-10 ("True Bill").  No further detail is provided as to specific contracts or actions of Defendants in trade or commerce.

Plaintiff alleges that he, his family and their estates are "completely EXEMPT" from civil jurisdiction "and any jurisdiction having ever used frn's" because, *inter alia*, they have never consented to that jurisdiction or entered into a valid contract submitting to that jurisdiction.  *Id*. at 2 (emphasis in original).  Plaintiff alleges that "the Fed" has fraudulently taken possession of his private property and "will NOT accept lawful tender (gold and silver)…" *Id*. at 3 (emphasis in original).  Plaintiff argues that "[t]he acceptance of and tender of frn's by my family, the estates and I as consideration is done merely out of necessity and/or under duress" and that the use of this U.S. District Court, which he labels an "inferior court[]," is also done "merely out of necessity and/or under duress."  *Id.*  Plaintiff alleges that this Court has a "legal and moral duty to serve the accompanying complaint and an inferior court summons… via the marshals within twenty one (21) days…" and that if this Court "fail[s] to uphold their legal and moral duty… the inferior courts will then be held liable jointly and severally with [Defendants]…" *Id.*  at 11.  Plaintiff alleges that "[t]he ONLY way that this affidavit, accompanying complaint and inferior court summons can be overturned, abridged, nullified, abrogated, disregarded, dismissed etc. is via a complete point for point rebuttal in affidavit form..." *Id*. (emphasis in original).  Plaintiff's request for relief is for defendants to

---

[1] The Court takes Plaintiff's acronym to stand for "federal reserve notes" based on the context in which it is used.

ORDER TO SHOW CAUSE - 2

pay "the plaintiffs (sic) thirty five billion, five hundred million (35,500,000,000) (see affidavit for details) in federal reserve notes or the current functional currency forthwith." Dkt. #4 at 4.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint provides no factual basis to support his claim; the Statement of Claim is a single conclusory sentence. *See* Dkt. #4 at 2. Plaintiff relies instead on his affidavit, which spends more time setting forth Plaintiff's view of his legal rights than explaining the actions of Defendants that give rise to his claim. Plaintiff thus provides insufficient notice to Defendants as to how they could possibly have violated the Sherman Act. Plaintiff's apparent argument that the mere use of paper currency violates the Sherman Act is unsupported by law. Plaintiff's request for $35,500,000,000 appears frivolous on its face. Plaintiff asserts several propositions for which there is no legal authority, and appears to set forth his own rules of civil procedure. Considering all of the above, Plaintiff's Complaint thus appears frivolous and destined to seek relief against defendants who are immune from such relief. Accordingly, dismissal may be warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, Plaintiff's Complaint may suffer from deficiencies that, if not adequately explained in response to this Order, will require dismissal. In Response to this Order, Plaintiff must write a short and plain statement telling the Court: (1) the actions of Defendants giving rise to Plaintiff's claims; (2) how those actions violate 15 U.S.C. § 1, the Sherman Act. **This Response may not exceed five (5) pages, including attachments.** The Court will not consider pages filed in excess of this limit.

ORDER TO SHOW CAUSE - 3

1  The Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to
2  Show Cause containing the detail above **no later than twenty-one (21) days from the date of**
3  **this Order**.  Failure to file this Response may result in dismissal of this case.  The Clerk shall
4  send a copy of this Order to Plaintiff's address, C/O KATE MAHONEY 7003 MERCURY
5
6  DRIVE  LAKESIDE, AZ 85929.
7
8  DATED this 13th day of October 2016.
9
10
11                                RICARDO S. MARTINEZ
                                  CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 4